IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE D. BEZAREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 12-587-SLR |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 1st day of August, 2013, having reviewed the above captioned case;

IT IS ORDERED that petitioner Jose D. Bezarez's ("petitioner") "motion to stay and [requesting the] appointment of counsel" (D.I. 14) is **DENIED**, for the reasons that follow:

**1. Background.** On May 11, 2012, petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2254. (D.I. 2) The application asserts four claims: (1) the trial court abused its discretion in admitting extrinsic evidence of petitioner's prior bad acts; (2) trial counsel provided ineffective assistance by failing to request a jury instruction regarding accomplice testimony credibility; (3) appellate counsel provided ineffective assistance by failing to raise the argument that the trial court erred as a matter of law by permitting a non-court certified interpreter to translate a statement under Del. Code Ann. tit. 11, § 3507; and (4) trial counsel was ineffective for failing to object to the prosecution's use of a police detective's translation of witnesses' prior out-

of-court statements with substantive independent testimonial value. (D.I. 2)

2. Petitioner's pending application, and the State's answer, indicate that petitioner has exhausted state remedies for his four habeas claims by presenting them to the Delaware Supreme Court on direct appeal or post-conviction appeal.

3. On July 9, 2013, petitioner filed a "motion to stay and [requesting the] appointment of counsel," asking the court to stay his habeas proceeding, remand the case back to the Delaware state courts, and order the Delaware state courts to provide him with counsel or order such representation itself. (D.I. 14) Citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), petitioner contends that he was "ill-equipped" in his first post-conviction proceeding in the Delaware state courts because, even though he raised claims of ineffective assistance of counsel in his Rule 61 proceeding, he "did not raise ineffectiveness where he should have, nor did he artfully challenge his convictions and show cause where it should have been demonstrated." (D.I. 14 at 2)

4. The State filed a response in opposition to petitioner's motion, contending that a stay is not warranted in this case, and that the court does not have the authority to remand the case back to the Delaware state courts and order the State of Delaware to appoint counsel. (D.I. 15)

5. **Standard of Review.** "District courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). And, although "AEDPA does not deprive district courts of [this] authority, . . . it does circumscribe their discretion. Any solution to this problem must . . . be compatible with AEDPA's purposes." *Id.* Consequently, district courts on

habeas review generally only stay a habeas proceeding if the habeas application contains both exhausted and unexhausted claims, and the petitioner's ability to file a future habeas application after proper exhaustion in the state courts will be clearly foreclosed by the expiration of AEDPA's one-year filing period. *Id.; see also Pliler v. Ford*, 542 U.S. 225 (2004).

6. In turn, it is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding.[1] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Nevertheless, a district court may seek representation by counsel for a petitioner in a federal proceeding who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

7. **Discussion.** At this juncture, petitioner is not asking the court for representation in his federal habeas proceeding. Rather, he asks the court to stay the instant case, remand it to the Delaware state courts, and either order the State of Delaware to provide him with representation in a new Rule 61 proceeding or order such

---

[1]The recent Supreme Court decision, *Martinez v. Ryan*, did not alter this long-standing rule, because the *Martinez* Court explicitly refrained from recognizing or creating an automatic constitutional right to counsel in collateral proceedings. *See Martinez*, 132 S.Ct. 1309, 1315 (2012).

3

representation itself. Petitioner appears to request representation in a new Rule 61 proceeding so that he can present challenges to his conviction in a more "artful" manner, and possibly to raise additional but unspecified ineffective assistance of counsel claims.

8. Turning to petitioner's request to stay the instant proceeding, the court notes petitioner is, in essence, asking the court to stay the proceedings so that he can start over with his postconviction proceedings in state court. Considering that all of the claims in petitioner's pending habeas application are exhausted and were adjudicated on the merits in the state courts, the court finds that staying the instant proceeding would be incompatible with AEDPA's objective of encouraging finality. *See Ryan v. Gonzales*, 133 S.Ct. 696, 709 (2013)(opining that a stay was inappropriate for ineffective assistance of counsel claims that were adjudicated on the merits in state post-conviction proceedings and were therefore subject to review under § 2254(d)). Thus, the court denies petitioner's motion for a stay.

9. As for petitioner's request that the court remand his case to the state courts and order the State of Delaware to provide him with representation, the court lacks jurisdiction to provide this relief. *See In re Wolenski*, 324 F.2d 309 (3d Cir. 1963)(per curiam)(explaining that the district court "had no jurisdiction" to "issue writ of mandamus compelling action by a state official").

10. Moreover, contrary to petitioner's belief, the recent Supreme Court case, *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), does not dictate or provide justification for a different result. Notably, the *Martinez* Court explicitly stated that its holding "addresses only the constitutional claims presented in this case," namely,

4

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320. In other words, *Martinez* creates a limited method for petitioners in federal habeas cases to prove cause for excusing his state court **procedural default** of certain ineffective assistance of counsel claims; it does not justify a federal district court's stay of a habeas proceeding or authorize a federal district court to order a state to provide representation for petitioners in state collateral proceedings.

11. In addition, the *Martinez* exception does not help petitioner in his instant request for relief because none of the ineffective assistance of counsel claims presented in the instant application are procedurally defaulted. And, although petitioner asserts that he "did not raise ineffectiveness where he should have," he does not identify any additional and presumably procedurally defaulted ineffective assistance of trial counsel claim not previously presented in state court for which he needs to seek cause to excuse the procedural default of such claims.

12. For all of these reasons, petitioner's motion is denied.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE